1  SHARON C. COLLIER (State Bar No. 203450)
   scc@severson.com
2  SEVERSON & WERSON
   A Professional Corporation
3  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
4  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
5
   Attorneys for Defendant
6  COSTCO WHOLESALE CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

| ZOILA SIERRA, an individual, | Case No. |
|---|---|
| Plaintiff, | [Alameda County Superior Court Case No. RG21106297] |
| vs. | |
| COSTCO WHOLESALE CORPORATION, a Washington Corporation; EDDIE, an individual; and DOES 1-25, inclusive, | **DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]** |
| Defendants. | Action Filed: July 23, 2021<br>Trial Date: N/A |

18     TO THE HONORABLE JUDGES AND CLERK OF THE COURT:

19     PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION

20  ("Costco") hereby removes to this Court the state court action described below:

21  **I.     STATUS OF PLEADINGS AND DISCOVERY**

22      On or about July 23, 2021, Plaintiff ZOILA SIERRA ("Plaintiff") filed a Complaint

23  against Defendants Costco and "Eddie" in Alameda County Superior Court of California, entitled

24  ZOILA SIERRA v. COSTCO WHOLESALE CORPORATION and DOES 1-25, inclusive, Case

25  No. RG21106297 (the "Complaint"). (Request for Judicial Notice in Support of Costco's Notice

26  of Removal ("RJN"), Ex. A; Declaration of Sharon C. Collier ("Collier Decl.") at ¶ 3.) The

27  Complaint alleges causes of action for negligence and premises liability. (RJN, Ex. A.)  Costco

28  was served with the Summons and a copy of the Complaint on or about February 3, 2022.  (RJN,

75005.0073/16069542.3

Ex. A; Collier Decl. at ¶ 3.) Plaintiff also served Costco with a Statement of Damages indicating the damages claimed exceed $75,000 (RJN, Ex. B; Collier Decl. at ¶ 4.)

The Complaint alleges that on or about July 23, 2019, Plaintiff sustained injuries arising out of a slip and fall accident at a Costco store located at 22330 Hathaway Avenue, in Hayward, California. (RJN, Ex. A.) Plaintiff seeks damages for pain and suffering, medical and incidental expenses, lost wages, and lost earning capacity. (RJN, Ex. A.)

Costco filed an Answer to Plaintiff's Complaint in Case No. RG21106297 of the Alameda County Superior Court contemporaneously with this Notice of Removal and supporting documents. (RJN, Ex. C; Collier Decl. at ¶ 5.) In the Answer, Costco asserted a general denial, as well as various affirmative defenses. (RJN, Ex. C.)

Upon information and belief, Costco is the only named defendant which has been served to-date in this matter. (Collier Decl. at ¶ 6.) Costco is not aware of Plaintiff effectuating service on the fictitiously named defendant, "Eddie," or any other "Doe" defendants. (Collier Decl. at ¶ 6.) Since no other defendant has been properly named and served, no consent is required for removal. (28 U.S.C. § 1446(b); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).)

As this action was commenced in the Alemada County Superior Court, removal to the Northern District of California is appropriate.

## II.    STATEMENT OF JURISDICTION

This civil action involves parties who are citizens of different states and the amount in controversy exceeds $75,000. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332, and has the power to remove this matter to this Court pursuant to 28 U.S.C. section 1441(b).

### A.    Complete Diversity of Citizenship

In order to invoke federal diversity jurisdiction pursuant to 28 U.S.C. section 1332, complete diversity of citizenship must exist between the parties. (*Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014).) Here, Plaintiff and Costco are citizens of different states and the citizenship of fictitiously named defendant, "Eddie," must be disregarded. Thus, diversity of citizenship exists between the parties.

/ / /

For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." (28 U.S.C. § 1441(b).) Where a plaintiff's allegations do not provide definite clues sufficient for the moving defendant to identify the fictitiously named defendant, the citizenship of the fictitiously named defendant shall be disregarded. (See e.g., *Guytan v. Swift Transportation Co. of Arizona, LLC*, No. CV1700626VAPDTBX, 2017 WL 2380159, at *2 (C.D. Cal. June 1, 2017) (holding that identifying a fictitiously named defendant as "a terminal manager" of the moving defendant in the complaint was insufficient to determine the identity of the fictitiously named defendant and therefore, the fictitiously named defendant's citizenship must be disregarded.) While Plaintiff sued, but has not yet served, a fictitiously named defendant "Eddie," who Plaintiff claims was the supervisor and/or manager of the Costco store at issue at the time of the incident, Costco does not know the identity of Eddie, nor does it have a record of such person working at the store in which Plaintiff claims the incident took place. (Collier Decl. ¶¶ 6-7.) Thus, the citizenship of "Eddie" must be disregarded.

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).) A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).) Here, Plaintiff alleges in her Complaint that she is a resident of Alameda County, California. (RJN Ex. A; Collier Decl. at ¶ 10.) Accordingly, Plaintiff is and was a citizen of the State of California.

In order to ascertain the citizenship of a corporation, courts look to the state of incorporation, and the state where the corporation has its principal place of business. (28 U.S.C. § 1332(c)(1).) Here, Costco is a corporation formed and incorporated under the laws of the State of Washington. (RJN, Ex. D; Collier Decl. at ¶ 8.) Moreover, Costco is headquartered and maintains its principal place of business at 999 Lake Drive, Issaquah, Washington 98207. (RJN, Ex. E; Collier Decl. at ¶ 9.) Accordingly, Costco was and is a citizen of the State of Washington. As such, diversity-of-citizenship exists between the parties.

/ / /

/ / /

**B.      No Resident Defendants**

Pursuant to 28 U.S.C. § 1441(b)(2), when removing a case to federal court on the basis of diversity jurisdiction, none of the defendants may be "citizens of the State in which such action is brought." In this case, Plaintiff resides in California. (RJN, Ex. A; Collier Decl. at ¶ 10.) The only named and served defendant, Costco, is a citizen of the State of Washington. (RJN, Ex. D, E; Collier Decl. at ¶ 8.) To Costco's knowledge, Plaintiff has not effectuated service on the fictitiously named defendant, "Eddie," or any other "Doe" defendants. (Collier Decl. at ¶ 6.) As discussed above, Costco does not have any record of an employee named "Eddie" working at the store in question at the time of the incident. (Collier Decl. at ¶ 7.) Therefore, the citizenship of fictitiously named defendant "Eddie" and the "Doe" defendants must be disregarded. As such, complete diversity exists because no defendant resides in the State of California.

**C.      Amount in Controversy**

Pursuant to 28 U.S.C. § 1332(a), in order to invoke diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interests and costs. (28 U.S.C. § 1332(a).) When a plaintiff fails to "specify a particular amount of damages" in the complaint, the removing party is required to establish that it is "more likely than not" that the amount in controversy exceeds the statutory amount. (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *McPhail v. Derre & Co*, (10th Cir. 2008) 529 F.3d 947, 954 (removing defendant must prove by a preponderance of the evidence that the amount in controversy is satisfied).) In making that determination, courts consider compensatory costs, including general and special damages, as well as attorney fees. (*Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (E.D. Cal. 2005).) Courts also consider "other papers" not filed with the court. (*Kuxhausen v. BMW Financial Services NA LLC*, 797 F.3d 1136, 1140 (9th Cir. 2013).) The amount in controversy is merely an estimate of the total amount in dispute; it is not a prospective assessment of the defendant's liability. (*Lewis v. Verizon Communications, Inc.,* 627 F.3d. 395, 400 (9th Cir. 2010).)

A plaintiff's concession that the amount in controversy exceeds $75,000 is sufficient to establish diversity jurisdiction upon this Court. (See *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 ("…where state law prohibited plaintiff from stating the amount in controversy in

the complaint, the district judge has discretion to accept the admission as establishing it. Otherwise, we would be adopting the illogical position that a plaintiff can establish the amount in controversy by an ad damnum, but not by a formal admission against the plaintiff's interest in choice of forum."). Such a concession is tantamount to a plaintiff expressly alleging damages in excess of the jurisdictional amount, which we accept as the amount in controversy if done in good faith. (*See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).) Moreover, the courts looks to "facts presented in the removal petition as well as any summary judgment type evidence relevant to the amount in controversy at the time of removal." (*Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Johnson v. Am. Online, Inc.*, 208 F.Supp.2d 1018 (N.D. Cal. 2003) (A defendant may rely on discovery responses for determining the amount in controversy).)

In the present case, Plaintiff served Costco with a Statement of Damages which provides that she is claiming general damages in excess of $1,000,000 and special damages in excess of $1,000,000. (RJN, Exhibit B; Collier Decl. at ¶ 4.) Thus, Plaintiff's claimed damages far exceed $75,000. (RJN, Exhibit B; Collier Decl. at ¶¶ 4, 12.) This Statement clearly constitutes an "other paper" which may be considered for purposes of determining the amount in controversy here. (*Kuxhausen v. BMW Financial Services NA LLC*, 797 F.3d 1136, 1140 (9th Cir. 2013).) In light of these representations and the scope of injuries and types of damages alleged in the Complaint, it is clear that the claims at issue will exceed the jurisdictional minimum of this Court.

### III. TIMELINESS OF REMOVAL

Pursuant to 28 U.S.C. section 1446(b), "[t]he notice of removal shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" (28 U.S.C. § 1446(b).) The 30-day time limit within which a defendant can remove an action to federal court does not begin until the defendant(s) have received notice of the facts supporting removal. (*Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1089-1090 (C.D. Cal. 2005), *aff'd*, 446 F.3d 1011 (9th Cir. 2006).)

/ / /

1    As set forth more fully above, Plaintiff served Costco with the Complaint and Statement of Damages on February 3, 2022. (RJN, Ex. A; Collier Decl. at ¶ 3.) The Complaint indicates Plaintiff is domiciled in California and the Statement of Damages alleges the amount in controversy exceeds the jurisdictional minimum.  (RJN, Ex. A, B; Collier Decl. at ¶¶ 4, 10, 12.) Accordingly, Costco has timely and promptly filed this petition for removal.  (28 U.S.C § 1446.)

**IV.    JOINDER OF ALL DEFENDANTS**

In order to effectuate removal, all defendants properly joined and served with the complaint must join in the notice of removal.  (28 U.S.C. § 1446(b); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988).)  In this case, Costco is the only named and served defendant in the state court action. (RJN, Ex. A, Collier Decl. at ¶ 6).  Costco is not aware of Plaintiff effectuating service on the fictitiously named defendant, "Eddie," or any other "Doe" defendants.  (Collier Decl. at ¶ 6.) Accordingly, this Notice of Removal is proper.

**V.    VENUE**

Venue of this removed action is proper pursuant to 28 U.S.C. section 1441(a) because this Court is the United States District Court for the district corresponding to the place where the state court action was commenced.

**VI.    NOTICE TO PLAINTIFF**

Costco's Notice to Adverse Parties of Notice of Removal is being contemporaneously filed in Case RG21106297 of the Alameda County Superior Court. (Collier Decl. at ¶ 13.)

WHEREFORE, Costco prays that the above-entitled action, currently pending in the Alameda County Superior Court of California, be removed to the United States District Court for the Northern District of California, and that this action proceed in this Court as an action properly removed there.

DATED:  March 7, 2022         SEVERSON & WERSON, A Professional Corporation

By:   _____
SHARON C. COLLIER
Attorneys for Defendant COSTCO WHOLESALE CORPORATION

75005.0073/16069542.3                         6
DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]