UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZOILA SIERRA,

    Plaintiff,

    v.

COSTCO WHOLESALE CORPORATION,

    Defendant.

Case No. 22-cv-01444-SI

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**

A case management conference was held in this matter on August 18, 2023. Despite filing a joint case management statement, Dkt. No. 50, plaintiff's counsel did not appear at the case management conference. The Court notes that although the case management conference was moved to an earlier time of day, attorneys for both sides were notified of this schedule change ahead of time via email and ECF.

Plaintiff's counsel, Mr. Ilan N Rosen Jafanza, filed substitution of attorney on October 21, 2022, which was granted on February 27, 2023. Dkt. No. 31. This is not the first time Mr. Jafanza has missed a deadline or failed to address a court order in this case. On March 14, 2023, the Clerk's Office issued a notice that the parties had failed to file an ADR Certification as required by the Initial Case Management Scheduling Order. Dkt. No. 32. On March 24, 2023, the parties failed to file a joint case management statement as ordered by Judge White, who was then presiding over the case. *See* Dkt. No. 33.

On March 27, 2023, Judge White issued an order to show cause why sanctions should not issue after the parties failed to file the case management statement. Dkt. No. 33. An attorney for defendant responded with a declaration and exhibits detailing his efforts to reach plaintiff's counsel. Dkt. No. 37. Plaintiff's counsel did not timely respond, so Judge White imposed monetary sanctions

on Mr. Jafanza and issued an order to show cause why the matter should not be dismissed for failure to prosecute. Dkt. No. 38. Only after sanctions were issued did Mr. Jafanza file a response, in which he indicated he missed the order to show cause due to the Passover holiday and his legal assistant's sudden departure from the office.[1] Judge White found Mr. Jafanza's response "inadequate" and denied his request to vacate monetary sanctions, but agreed not to dismiss for failure to prosecute at that time. Dkt. No. 40. Mr. Jafanza submitted a declaration in which he promised to "ensure that this matter is properly handled, and to be timely in compliance with the Court's Case Management Order moving forward." Dkt. No. 40 ¶ 8.

On June 2, the parties submitted a joint case management statement indicating that no substantive meet and confer had occurred because Mr. Jafanza had still not retrieved the case file from plaintiff's former counsel. Dkt. No. 44. Judge White ordered the parties to file an updated case management conference statement by July 21, 2023, and warned:

> If Plaintiff's counsel is unable to retrieve his client's file by that date and again represents in the joint case management conference statement that he cannot set case deadlines or otherwise proceed without that file, the Court will issue an Order to Show Cause why this matter should not be dismissed for failure to prosecute.

Dkt. No. 45.

On July 21, 2023, the parties issued a case management statement, which once again indicated that the parties had not been able to meet and confer on a substantive level. Dkt. No. 46. The statement, which was ostensibly submitted jointly, noted that defense counsel had made "repeated efforts" to confer and that it was "unclear whether Plaintiff's counsel, Ilan Rosen Jafanza, has retrieved his client's file." *Id.* at 3.

The case was reassigned to this Court on July 24, 2023. On August 11, 2023, the parties again submitted what was ostensibly a joint case management statement. Dkt. No. 50. The statement again observed that defense counsel had "routinely contacted Plaintiff's counsel" but had "not been able to meet and confer despite Costco's repeated efforts." *Id.* at 5. Because plaintiff's

---

[1] Mr. Jafanza stated that he failed to calendar the April 10, 2023 Order to Show Cause deadline because he was out of the office for Passover from April 3 through April 17. Dkt. No. 39. The Court notes that the order was issued on March 27, 2023, several days before Mr. Jafanza went on holiday.

counsel has now failed to appear at the case management conference, the Court has no further clarity on the status of the case.  Nearly 10 months have passed since Mr. Jafanza sought to appear as counsel in this case, and nearly 6 months have passed since substitution of counsel was granted. Dkt. Nos. 28, 31.  The Court is troubled by the unexplained delay in the prosecution of plaintiff's claims and the lack of explanation for said delay.

The Court **HEREBY ORDERS** defendant **TO SHOW CAUSE** in writing why the Court should not dismiss this matter without prejudice for failure to prosecute.  **Counsel must file a declaration explaining counsel's failure to appear no later than Friday, September 8, 2023, or this matter shall be dismissed without prejudice.**

**IT IS SO ORDERED**.

Dated: August 18, 2023

SUSAN ILLSTON
United States District Judge

3