UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOILA SIERRA,<br><br>        Plaintiff,<br><br>       v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>        Defendant. | Case No. 22-cv-01444-SI<br><br>**ORDER DENYING IN PART DEFENDANT'S MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 67, 68 |

Before the Court are two motions to dismiss filed by Costco Wholesale Corporation ("Costco") pursuant to Federal Rules of Civil Procedure 33, 34, and 37. Dkt. Nos. 67, 68. Plaintiff opposes. Dkt. No. 72. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motions are suitable for resolution without oral argument, and VACATES the May 17, 2024 motion hearings. For the reasons set forth below, the Court DENIES IN PART Costco's motions.

**BACKGROUND**

On March 26, 2024, defendant Costco filed two nearly identical motions to dismiss. The first was filed pursuant to Federal Rules of Civil Procedure 33 and 37 for dismissal due to plaintiff's failure to respond to defendant's Special Interrogatories, Set One, lack of preparation in discovery, and failure to adequately meet and confer. Dkt. No. 67. The second was filed pursuant to Federal Rules of Civil Procedure 34 and 37 for plaintiff's failure to respond to defendant's Requests for Production of Documents, Set One, lack of preparation in discovery, and failure to adequately meet and confer pursuant. Dkt. No. 68. Costco also seeks to recover "reasonable expenses" incurred in

the amount of $2,650.[1]  In the alternative, Costco requests an order compelling plaintiff to provide verified responses without objections to defendant's Requests for Production of Documents, Set One, and Special Interrogatories, Set One, and requests that the fact discovery cut-off date be pushed back from April 26, 2024 to July 26, 2024 solely for Costco.

Plaintiff filed one opposition on April 9, 2024 indicating that substantive, verified responses to all of Costco's discovery requests were served on March 28, 2024.  Dkt. No. 72.  Plaintiff's counsel attaches copies of plaintiff's responses, verifications, and proof of service for defendant's Special Interrogatories, Set One; Requests for Production of Documents, Set One; and Requests for Admission, Set One.  *See* Dkt. No. 72, Janfaza Decl. Ex. 1.  The responses contain numerous objections.  Plaintiff opposes Costco's motions to dismiss but does not object to Costco's request to extend the discovery cut-off to July 26, 2024.  *Id.* at 7.  Under the current pretrial scheduling order, the non-expert discovery cut-off was April 26, 2024.  Dkt. No. 58.

This matter was removed to federal court on March 7, 2022.  Plaintiff served initial Rule 26 disclosures on November 2, 2023 (one day late) and amended disclosures on November 27, 2023.  *See* Dkt. No. 68, Exs. D, E.[2]  Costco served discovery requests, including the Requests for Production of Documents, Set One, and Special Interrogatories, Set One, on January 12, 2024.  Dkt. No. 72, Janfaza Decl. ¶ 4; Dkt. No. 67 at 4; Dkt. No. 68 at 4.  Responses were due within 30 days, on February 12, 2024.  *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).  On February 14, 2024, Mr. Janfaza's office requested an extension of time to serve discovery responses via email, informing defendant's counsel that the deadline to serve responses was "inadvertently miscalendared" to February 23, 2024.  Janfaza Decl. ¶ 7, Ex. 2.  Costco's counsel Jeffrey E. Garcia responded: "[t]he

---

[1] Costco requests "reasonable expenses" in the amount of $4,505 on the first pages of its motions but requests $1,855 in the case captions and $2,650 in total in the reply declaration.  *See* Dkt. No. 67 at 2; Dkt. No. 68 at 2; Dkt. No. 73-1 ("Garcia Decl.") ¶¶ 10-11.

[2] Costco contends that the disclosures continue to be deficient, and that plaintiff has not responded to Costco's counsel's attempts to meet and confer concerning these deficiencies.  *See* Dkt. No. 68 at 10; Dkt. No. 73 at 2, 4.  Costco asserts that plaintiff's amended initial disclosures are deficient because "they reference five doctors as witnesses that never treated Plaintiff, the production is missing records, and Plaintiff ambiguously identifies as witnesses '[a]ny of Plaintiff's friends, family, co-workers . . .'"  Dkt. No. 73 at 4.  Costco filed a separate (third) motion to dismiss on May 3, 2024 for failure to provide compliant disclosures pursuant to Rule 26, which is set for hearing on June 21, 2024.  *See* Dkt. No. 74.

1  responses are late, objections waived . . . and we will not agree to extend the deadline because your
2  office has continuously delayed and obstructed my client's right to discovery." *Id.* Ex. 2.  Costco
3  submits prior email correspondence between Costco's counsel and plaintiff's counsel in which
4  Costco's counsel inquired about the failure to respond to written discovery.  *See* Dkt. No. 68-1
5  ("Garcia Decl.") Ex. B.

6  Mr. Janfaza declares that between February 2024 and March 26, 2024, his office was
7  working to reach plaintiff to prepare discovery responses but realized that plaintiff had either
8  changed or obtained a new telephone number.  Janfaza Decl. ¶ 5.  Mr. Janfaza also declares that
9  "[t]hereafter, my office realized that there were language barriers" with plaintiff.  *Id.*

**LEGAL STANDARD**

Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes sanctions against a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2).[3] Such sanctions may include dismissing the action. *Id.* 37(b)(2)(A)(v). Rule 37(b)(2) "authorizes sanctions only for failure to obey a discovery order or a pretrial scheduling order." *U.S. for Use and Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 602 (9th Cir. 1988).

Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* 37(b)(2)(C).

Rule 37(d)(1)(A)(ii) provides that a court may, on motion, order sanctions (including dismissal) if a party, "after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or a written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). The Rule includes the same provision about "reasonable expenses" as Rule

---

[3] Rule 37(a) permits a party to move for an order compelling disclosure or discovery. The motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

3

1   37(b)(2)(C).

2        Dismissal and default judgment are authorized only in "extreme circumstances." *U.S. for Use and Ben. Of Wiltec Guam*, 857 F.2d at 603 (quoting *Fjelstad v. American Honda Motor Co., Inc.*, 762 F.2d 1334, 1338 (9th Cir.1985)). Additionally, "to warrant imposition of these severe sanctions, the violation(s) must be 'due to willfulness, bad faith, or fault of the party.'" *Id.* (quoting *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983)); *see also Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) ("Where the drastic sanctions of dismissal or default are imposed . . . the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault or bad faith."). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994). "As a general rule, the district court must consider less severe alternatives and discuss them if it elects to dismiss." *U.S. for Use and Ben. Of Wiltec Guam*, 857 F.2d at 604 (citation omitted).

        The Ninth Circuit has identified "five factors that a district court must weigh in determining whether to dismiss a case as a punitive measure: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *U.S. for Use and Ben. Of Wiltec Guam*, 857 F.2d at 604 (internal quotation marks and citations omitted). The district court need not make explicit findings regarding these factors. *Id.*

**DISCUSSION**

As an initial matter, Costco contends that plaintiff only responded to its first motion at Dkt. No. 67 so its motion at Dkt. No. 68 should be granted on this basis alone. Dkt. No. 73 at 2-3. The Court declines to dismiss on this basis because Costco's two motions are virtually identical, could have been filed as one, and plaintiff's arguments in opposition are applicable to both.

I.    **Whether Dismissal Under Rule 37 is Appropriate**

Plaintiff contends that because there have been no prior discovery orders, dismissal would

4

be an "unusually harsh remedy" and the Court is required to consider alternative sanctions. Dkt. No. 72 at 3, 6. Plaintiff notes that "less drastic sanctions, including ordering [plaintiff] to serve interrogatory responses and imposing reasonable monetary sanctions, are available." *Id.* at 7. Costco responds that plaintiff's discovery responses impermissibly contain objections because all objections have been waived and are evasive and/or incomplete. Dkt. No. 73 at 2. Costco contends that "without the looming threat of sanctions, Plaintiff will not meet her discovery obligations in this matter." *Id.* Costco further contends that it is not the case that there must be a prior disobeyed discovery order before dismissal can be granted. Dkt. No. 73 at 5. Costco points to Rule 37(d)(1)(A)(ii), but does not explain how this Rule applies now that plaintiff has responded to the special interrogatories (albeit late).

The Court finds a sanction of dismissal inappropriate at this time. The parties have not previously presented discovery disputes to the Court, the Court has not issued any discovery-related orders, and plaintiff's counsel has consequently not disobeyed a discovery order or pretrial scheduling order. However, the Court notes plaintiff's counsel's history of failures to timely respond to discovery requests and the prior issuance of several Orders to Show Cause for why the Court should not dismiss the action for failure to prosecute.[4] The Court warns plaintiff's counsel that if he does not timely comply with discovery requests, or fails to obey this Order, the Court will consider a sanction of dismissal as a remedy.

---

[4] Judge White issued an Order to Show Cause ("OSC") to both parties for failure to file a case management statement and ADR certification as required by the Court's scheduling order on March 27, 2023. Dkt. No. 33. Costco timely responded on April 10, 2023, indicating it was unable to "meaningfully meet and confer with Plaintiff's counsel." Dkt. No. 37 at 3 ¶ 2. Plaintiff's counsel did not timely respond. The Court then discharged the OSC as to Costco, imposed sanctions in the amount of $250 on plaintiff's counsel, and issued a further OSC to plaintiff's counsel for why the case should not be dismissed for failure to prosecute pursuant to Rule 41(b). Dkt. No. 38. Plaintiff's counsel responded to this OSC. Dkt. No. 39. Judge White discharged the OSC for failure to prosecute on April 25, 2023, but denied counsel's request to vacate the sanctions imposed because it found counsel's response inadequate. Dkt. No. 40. Judge White issued an order of recusal on July 24, 2023. Dkt. No. 47.

On August 18, 2023, after the case was re-assigned to this Court, this Court issued an OSC for why the Court should not dismiss the matter for failure to prosecute after plaintiff's counsel failed to appear for a case management conference. Dkt. No. 52. Plaintiff's counsel timely responded, and an initial case management conference was held on October 6, 2023.

5

1 　　　　　The Court likewise finds it premature to order plaintiff or plaintiff's counsel to pay reasonable expenses as a sanction, but likewise warns plaintiff's counsel that if he does not comply with this Order, the Court may order plaintiff's counsel to pay Costco's reasonable expenses incurred in filing the instant motions.

## II.　Less Severe Alternatives

　　　　　Costco alternatively contends that at the very least, plaintiff should be required to provide verified discovery responses without objections given that her discovery responses were 76 days late. Dkt. No. 73 at 6. Costco assets that plaintiff's responses contain improper objections and that the responses are incomplete. *Id.*; *see* Dkt. No. 73-1 ("Garcia Supp. Decl.") ¶¶ 7-8. Additionally, Costco asserts that plaintiff's written discovery responses do not conform to Local Rule 33-1. The Court agrees that this remedy is appropriate and ORDERS plaintiff to respond to the Special Interrogatories, Set One, and Requests for Production, Set One, with complete responses, without objections, and in compliance with the Local Rules and Federal Rules of Civil Procedure. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection"); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 . . . constitutes a waiver of any objection. This is true even of an objection that the information sought is privileged."); Rule 33(b)(4) ("Any ground [for objecting] not stated in a timely objection is waived unless the court, for good cause, excuses the failure"). Plaintiff must provide updated discovery responses in compliance with this order by **May 30, 2024**. The Court further GRANTS Costco's request for a discovery cut-off extension through July 26, 2024 for Costco only.

## CONCLUSION

　　　　　For the foregoing reasons and for good cause shown, the Court hereby DENIES IN PART defendant's motions to dismiss. The Court advises the parties that they may bring discovery disputes to the Court that they are unable to resolve on their own, but they must comply with this

Court's standing order when doing so.

**IT IS SO ORDERED**.

Dated: May 16, 2024

_____
SUSAN ILLSTON
United States District Judge